UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

TERRELL GARY HIGHTOWER,

    Petitioner,

v.

WILLIAM L. MUNIZ,

    Respondent.

Case No. CV 16-4483-PSG(AJW)

MEMORANDUM AND ORDER DISMISSING PETITION

    On July 17, 1997, petitioner was convicted of conspiracy to commit robbery. [Petition at 2]. On August 8, 2007, he filed a habeas corpus petition in this Court challenging his 1997 conviction. Case No. CV 07-5148-MMM(AJW). On May 22, 2008, judgment was entered dismissing the petition as untimely. Petitioner did not appeal.

    Petitioner filed the current petition for a writ of habeas corpus on June 21, 2016. The petition, which again challenges petitioner's 1997 conviction, is successive. See McNabb v. Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam) (holding that a dismissal with prejudice under the statute of limitation renders subsequent petitions successive under the AEDPA).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, the petition is dismissed for lack of jurisdiction.[1]

**It is so ordered.**

Dated: 6/27/16

Philip S. Gutierrez
United States District Judge

---

[1] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.